**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DAVID MCCOMBS, ET AL,

       Plaintiffs                                    Case No. 2:07-cv-00495

       v.                                               Judge Graham

GRANVILLE EXEMPTED VILLAGE       Magistrate Judge Abel
SCHOOL DISTRICT, ET AL,

       Defendants.

## **ORDER**

This matter is before the court on defendants' motion to partially dismiss plaintiffs' second amended complaint.

**I. Factual Background**

Plaintiffs are three minor children, Caitlin McCombs, Kina McCombs and Victor Zeigert, (collectively, "children") and their parents. Defendants are the Granville Exempted Village School District (District), five individual members of the school board (board members) in their official capacities only[1], Superintendent Scot Thomas Prebles (Prebles) in his individual capacity only, and three employees of the District: kindergarten teacher Polly Schneider, Intervention Specialist Jessica Wolfe and Supervisor of Special Services/Education Constance S. McCreary (collectively "employees") in their individual capacities only.

Plaintiffs Caitlin and Kina McCombs have attended school in the District since 2001. Plaintiff Victor Zeigert has attended school in the District since 2003. All three children were

---

[1] The named board members are Andy Crawford, Clarke Berdan, II, Richard Scott, Ronald Sheldon and Anthony Beckerley.

born in the People's Republic of China. According to the second amended complaint, plaintiff children have required English as a Second Language/Limited English Proficiency (ESL/LEP) services since enrolling in the District, but were not informed of the need for those services nor the availability of such services until the fall of 2005. Once the plaintiff children were informed of the available services, the District, McCreary and Prebles agreed to certain ESL services for each child. However, the services provided were less than promised, did not include service plans with specific goals, and did not include coordinated services. Plaintiffs allege that the acts and omissions of the defendants have caused the minor children to suffer educational and academic deficiencies.

Plaintiffs filed this lawsuit on May 31, 2007. Before the complaint was served, the plaintiffs filed a first amended complaint on June 4, 2007. The basis of the plaintiffs' complaint was that the defendants intentionally failed to provide proper English as a Second Language (ESL)/Limited English Proficient (LEP) instruction to their minor children. Specifically, plaintiffs alleged violations of 42. U.S.C. §1983 and 42 U.S.C. §2000d as well as violations of the plaintiffs' rights under the Fourteenth and Fifth Amendments of the United States Constitution.

Plaintiffs attempted to serve, via process server, the first amended complaint on the defendants at various buildings of the District. The process server left the summons, complaint and first amended complaint for Ms. Schneider and Ms. Wolfe with an "office aide" named Kim Border who worked at an office at 310 North Granger Street. The Return of Service Form states that Kim Border was a "person authorized to accept" service. (See doc. 11-3). The parties do not dispute that this is the location where Schneider and Wolfe are employed. According to an affidavit filed by the process server, Charles Adams, he specifically informed Ms. Border that he

was a process server and that he was there to serve Schneider and Wolfe. (doc. 40-2 at ¶ 4). According to Adams, Ms. Border told him that she was authorized to accept service on behalf of these defendants. (Id at ¶ 4). Ms. Border cannot recall what Adams asked her, but avers that she would not have stated she had authority to accept service of process because neither Wolfe nor Schneider ever gave her that authority. (doc. 34-8 at ¶3).

Adams then attempted to serve defendant McCreary at 2025 Burg Street, Granville, Ohio, a building belonging to the school but otherwise unidentified. Adams left the summons, complaint and first amended complaint for McCreary with Wendy Dillman, the school principal's secretary. (See Return of Service Form at doc. 11-3). The Return of Service Form states that Dillman was a "person authorized to accept" service. (Id). According to Adams, he told Dillman that he was there to serve process on McCreary and that Dillman stated that she was authorized to accept service on behalf of Dillman. (doc. 40-2 at ¶ 5). Dillman, however, denies stating that she had authority to accept process and further that she would not have said so because she was never given authority to accept service of process on behalf of McCreary. (doc.34-9 at ¶3).

Finally, Adams attempted to serve Prebles as well as the five Board members at Prebles's office: 130 North Granger Street, Granville, Ohio. Adams personally served Prebles with the summons and complaints for the five board members. (See doc. 8). Prebles does not dispute that he received process nor that this is his business location. Adams then left the summons and complaints for the board members with Prebles. (Id). The Return of Service Forms for the board members indicate that Prebles was a "person authorized to accept" service. (Id). Adams avers that Prebles told him he would accept process on behalf of the board members. (doc. 40-2 at ¶ 6). Prebles, however, denies that he was asked whether he could accept service of process on behalf

of the board members and that he in fact, has not been authorized to do so. (doc. 34-10 at ¶ 3). The defendants also deny that 130 North Granger Street is the business address or office for any of the board members.

On December 19, 2007, defendants filed a motion to dismiss, or in the alternative motion for a more definite statement. The motion was denied and plaintiffs were granted leave to file a second amended complaint. At that time, plaintiffs also provided evidence of three returns of personal service on individual defendants McCreary, Wolfe and Schneider dated January 14, 2008 and February 28, 2008. On June 6, 2008, Defendant filed a motion to partially dismiss the plaintiff's second amended complaint, asserting many of the same arguments made in the original motion to dismiss. Specifically, defendants assert that: 1) other than Prebles, all defendants, should be dismissed because they were not properly served with the complaint; 2) the individual board members are entitled to immunity; 3) Prebles is entitled to immunity; and 4) plaintiffs may not recover punitive damages from these defendants. On December 30, 2008, the court ordered the parties to brief the issue of whether plaintiffs could state a claim for relief against the individual defendants on the grounds of either 42 U.S.C. §2000d or 42 U.S.C. §1703. Plaintiffs have conceded that they cannot state a claim against the individual defendants under either of these statutes but assert that they base their 42 U.S.C. §1983 claim against the individual defendants on violations of the Fourteenth Amendment.[2]

## II.    Standard of Review

Defendants move for dismissal based on failure of service under Fed. R. Civ. P. 4. It is

---

[2]    Plaintiffs have also indicated to the court an intention to file another amended complaint to clarify the grounds on which they bring their 42 U.S.C. §1983 claim.

axiomatic that service of a summons must meet procedural requirements before a federal court can exercise personal jurisdiction over a defendant. Khorozian v. McCullough, 186 F.R.D. 325 (3d Cir. 1999); Laffey v. Plousis, No. 05-2796, 2008 U.S. Dist. LEXIS 7528 (N.D. N.J. Feb. 1, 2008). Pursuant to Fed R. Civ. P. 12(b)(5), a party may file a motion asserting insufficient service of process as a defense. Laffey, 2008 U.S. Dist. LEXIS 7528. When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made. Neely v. Eshelman, 507 F. Supp. 78, 80 (E.D. Pa. 1981); Hanson & Morgan Livestock, Inc. v. B4 Cattle Co., No. 5:07-cv-00330, 2007 U.S. Dist. LEXIS 90361 (W.D. W. Va. Dec. 7, 2007)("The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4.")(citing Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)).

Defendants also move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Erickson v. Pardus, 550 U.S. __, 127 S.Ct. 2197, 2200 (2007) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008). A motion to dismiss under Rule 12(b)(6) will be granted only if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief. See Evans-Marshall v. Bd. of Educ., 428 F.3d 223, 228 (6th Cir. 2005); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Under Rule 8(a), "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what

5

the . . . claim is and the grounds upon which it rests.'" Erickson, 127 S.Ct. at 2200 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Because a motion under Rule 12(b)(6) is directed solely at the complaint itself, the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. Scheuer, 416 U.S. at 236; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S.Ct. 1955, 1965 (2007) (Rule 8 "does not impose a probability requirement at the pleading stage").

Despite this liberal pleading standard, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences."). Though the complaint need not contain detailed factual allegations, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Bell Atlantic, 127 S.Ct. at 1964-65; Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Bell Atlantic, 127 S.Ct. at 1965 n.3. Labels, conclusions, and formulaic recitations of the elements of a cause of action "will not do." Id. at 1965. "Accordingly, a complaint 'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Ferron v. Zoomego, Inc., 276 Fed. Appx. 473, 475 (6th Cir. 2008) (quoting Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 406 (6th Cir. 1998)).

**III.    Legal Analysis**

    **A.    Service of Process**

Defendants, other than Superintendent Prebles, argue that plaintiffs failed to effect service on them in accordance with Fed. R. Civ. P. 4. Specifically, defendants assert that the summons and complaint were left with individuals who were not authorized to accept service on behalf of the moving defendants.

Fed. R. Civ. 4(e) governs service of process upon an individual and provides, in pertinent part, that service may be made by:

   (1)   following state law for serving a summons in an action brought in courts of general jurisdiction...

   (2)   doing any of the following:

      (A)   delivering a copy of the summons and of the complaint to the individual personally;

      (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

      (C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Neither party suggests that plaintiffs attempted service in accordance with Rules 4(e)(2)(A) or (B), leaving (C) as the only possible method to achieve service on these moving defendants. See,Kircher v. Ypsilanti, No. 05-73425, 2006 WL 2861882 (E.D. Mich. Oct. 4, 2006) (stating "for purposes of Rule 4(e)(2), an individual's place of employment does not constitute his place of abode").

Plaintiffs have provided evidence, in the form of filed summonses and Adam's affidavit that the individuals who accepted service of process held themselves out as having authority to do so. The return of service forms all indicate that process was left with "person authorized to accept" service. A process servers' affidavit of service "'establishes a prima facie case of the

account of the method of service' and establishes a presumption of proper service." State Farm Automobile Insurance Co. v. CPT Medical Service, Inc., No. 04-CV-5045, 2005 U.S. Dist. LEXIS 44862 (E.D. N.Y. Oct. 6, 2005) (citing Old Republic Ins. Co. v. Pacific Fin. Servs., 301 F.3d 54, 57 (2d Cir. 2002) (citing NYCTL 1997-1 Trust v. Nillas, 288 A.D.2d 279, 732 N.Y.S.2d 872, 873 (App. Div. 2001)). The defendants, however, have provided evidence rebutting the sufficiency of service.[3] Specifically, the defendants assert that the individuals who signed for service were not agents with authority to accept service.

Actual authority "is that authority the agent reasonably thinks she possesses based on the principal's dealings with her." Id. The affidavits supplied by the Dillman, Border and Prebles all show that these individuals did not reasonably think they possessed authority to accept service on behalf of the defendants. Thus, there was no actual authority to accept service. This court, among others, has previously held that "in the absence of an actual appointment, service of process is ineffective." Whisman v. Robbins, 712 F. Supp. 632, 636 (S.D. Ohio 1988); see also, O'Meara v. New Orleans Legal Assistance Corp., No. 90-4893, 1991 U.S. Dist. LEXIS 8137 (E.D. La. June 10, 1991) (the "individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service"); Laffey, 2008 U.S. Dist. LEXIS 7528 (absent evidence that the

---

[3] Plaintiffs assert that service was not required under Fed. R. Civ. P. 5 because it was an amended complaint. However, there is no evidence that the original complaint and summons were ever served. The plaintiffs' first amended complaint was filed five days after the original complaint on June 4, 2007. Summons were sent out in November of 2007 pursuant to an extension of time to serve granted by Magistrate Judge Mark Abel. The court finds plaintiffs' argument regarding Fed. R. Civ. P. 5 to be inapplicable.

defendant police officer bestowed authorization upon the employee to accept service of process, service was ineffective, even where alleged agent represented to the process server that he had authority).

Plaintiffs assert, however, that service was properly effected upon the moving defendants pursuant to Rule 4(e)(2)(C) because the individuals who accepted service had "apparent authority" to do so. Apparent authority arises when the "principal holds out another as possessing certain authority, thereby inducing third parties reasonably to believe, that such authority exists even when it does not." Select Creations Inc. v. Paliafito America, Inc., 830 F. Supp. 1223, 1235 (E.D. Wis. 1993). There must be evidence "that the defendant intended to confer such authority on the agent." Blair v. City of Worcester, Nos. 02-40152-FDS, 02-40153-FDS, 2006 U.S. Dist. 12533 (D. Mass. Mar 13, 2006); Select Creations Inc., 830 F. Supp. at 1235 (apparent authority can only be created by the principal's representations to a third party). That is, an "agent cannot create apparent authority by her own actions or representations." Select Creations, Inc., 830 F. Supp. at 1239; see also, DeFranco v. Shaker Square, 158 Ohio App. 3d 105 (Ohio Ct. App. 2004) (alleged agent did not have apparent authority where the principal never made representations to the process serve to induce him to rely on the agent's authority to accept service); Logsdon v. ABCO Constr. Co., 103 Ohio App. 233, 241-242, 141 N.E.2d 216, 223 (1956) (apparent authority can never be derived from the acts of the agent alone).

The complaints and summonses were left with Prebles, Dillman and Border. None of these alleged agents believed they had authority to accept service on behalf of the various defendants. There is no evidence that the defendants gave the process server any reason to believe that these individuals were their agents. Furthermore, the service processor's subjective

9

belief to the contrary is insufficient to establish apparent authority. The court finds, however, that the plaintiffs were reasonably diligent in their attempts to serve Constance McCreary, Jessica Wolfe, and Polly Schneider. Plaintiffs did eventually obtain personal service on these three individuals, even though service was made a few months after the Magistrate's November deadline. Accordingly, the court finds that the plaintiffs have obtained good service on McCreary, Wolfe and Schneider.

The court finds, however, that service on the remaining defendants, save Superintendent Prebles, was ineffective. Pursuant to Fed. R. Civ. P. 4(m), the court must either dismiss the action or grant an extension of time for the plaintiff to effect service. First, the court must first determine whether the plaintiff has shown good cause for the failure to effect service, and if so, the court "shall extend the time for service for an appropriate period." Henderson v. U.S., 517 U.S. 654, 662, n. 10 (1996)(citing Fed. R. Civ. P. 4(m)). If the plaintiff has not shown good cause, the court must then either (1) dismiss the action without prejudice or (2) direct that service be effected within a specified time. Id; Osborne v. First Union Nat'l Bank of Del., 217 F.R.D. 405, 408 (S.D. Ohio 2003). The party seeking an extension of time to effect service bears the burden of establishing good cause. Habib v. GMC, 15 F.3d 72, 73 (6th Cir. 1994). If the plaintiff shows good cause, then the court must permit late service, although it retains discretion to permit late service even in the absence of good cause. Osborne, 217 F.R.D. at 408 (court has discretion to extend the 120-day period for plaintiffs to effect service, pursuant to the first clause of Fed. R. Civ. P. 4(m), even absent a showing of good cause). An extension may not be granted as a routine matter of course, however, otherwise "there would be no reason to have Rule 4(m) with its time limit for service." Turner v. Grant County Det. Ctr., No. 05-148-DLB, 2007 U.S. Dist.

LEXIS 34290, *5 (E.D. Ky. May 10, 2007).

The plaintiffs have not shown good cause for their failure to obtain effective service upon the defendant board members. Plaintiffs have presented no evidence that the board members retain business offices at any property owned by the school district. Defendants assert that the board members do not maintain their principal place of business at the school. Thus, it was unreasonable for the plaintiffs to conclude that service at the school upon the superintendent would constitute good service on the board members.

Although the court retains the discretion to allow untimely service of process even without a showing of good cause, it declines to do so in this instance. See, Stafford v. Franklin County, No. 2:04-cv-178, 2005 U.S. Dist. LEXIS 12740, *9 (S.D. Ohio June 28, 2005) (discussing the court's discretion to extend the time for service even absent a showing of good cause). Plaintiffs are seeking an extension of over one year from the Magistrate's original extension, and are asking to be allowed to serve these defendants nearly two years after this case was initiated. Plaintiffs have never attempted to reserve the board members, despite being aware that the board members disputed the effectiveness of service. The court finds a lack of diligence in attempting to obtain service on the board members. The plaintiffs have failed to timely serve these defendants and will not be granted any further extensions in order to do so.

Ultimately, plaintiff does not need to sue the individual board members in order to sue the Board as an entity. Ohio Rev. Code §3313.17 provides that "the board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued." Plaintiff must obtain service on the Board by "leaving a copy thereof with the treasurer or president of the board." Ohio Rev. Code § 3313.34. The court will allow the plaintiff thirty (30)

days from the date of this Order in which to effect proper service on the Board.

**B.     Qualified immunity**

Plaintiffs have sued Prebles in his individual capacity for violation of 42 U.S.C. §1983 and the Fourteenth Amendment.[4] In order to prevail in a section 1983 claim, "the plaintiff must prove that some conduct by a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or other federal laws." Foy v. City of Berea, 58 F.3d 227, 229 (6th Cir. 1995). Superintendent Prebles asserts that the plaintiffs' claim against him should be dismissed because he is entitled to qualified immunity.[5]

Qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The Sixth Circuit evaluates qualified immunity claims using the three-part inquiry. See Feathers v. Aey, 319 F. 3d 843, 848 (6th Cir. 2003). The first is whether the plaintiff has alleged facts which show violation of a constitutionally protected right. The second question is whether the right was clearly established, and the third is whether the plaintiff has alleged sufficient facts to establish that the official's conduct was unreasonable in light of the clearly established constitutional right. Id.

A very liberal reading of the plaintiffs' complaint indicates that Superintendent Prebles is

---

[4] Plaintiffs concede that they cannot bring a claim against an individual pursuant to 42 U.S.C. §2000d.

[5] Defendant board members also assert that the matter should be dismissed because board members and school officials are entitled to immunity. Having determined that the board members have not been served, their motion to dismiss based on immunity is moot.

alleged to have violated the plaintiff childrens' equal protection rights under the Fourteenth Amendment by purposefully discriminating against them on the basis of race or national origin. There is no dispute that Prebles was acting under color of state law during the time period at issue in the complaint. Furthermore, the right to receive a public education "free from racial discrimination, is without question, protected by the United States Constitution." Woods v. Miamisburg City Schs. 254 F. Supp. 2d 868, 874 (S.D. Ohio 2003) (citing Brown v. Board of Education, 347 U.S. 483 (1954); United States v. Fordice, 505 U.S. 717 (1992)). For purposes of a motion to dismiss, plaintiff has sufficiently pled that a constitutional right has been violated.

Defendant's motion to dismiss based on qualified immunity fails to address the fact that the plaintiffs have alleged that he violated a constitutional right. Indeed, Prebles' motion does not even address the three prongs of the qualified immunity test employed by the Sixth Circuit. Rather, Prebles motion simply asserts that there is no claim for a violation of a constitutional or federal right being made. Although the plaintiffs' complaint is scarce on specifics, they have alleged that Prebles violated a constitutional right. Prebles simply has not established that he is entitled to qualified immunity at this early stage. Indeed, the Sixth Circuit "has recently commented on the potential difficulty of deciding a motion to dismiss on the basis of qualified immunity. The court recognized that the discovery process could give a plaintiff an opportunity to set forth more detailed claims and successfully make out a viable claim for the violation of his constitutional rights." Haynes v. Swanson, No. 5:07cv2352, 2008 U.S. Dist. LEXIS 86069, at *19 (N.D. Ohio Sept. 18, 2008) (citing Grose v. Caruso, No. 07-1546, 2008 U.S. App. LEXIS 14084 (6th Cir. July 1, 2008)). In Grose, the Sixth Circuit noted that dismissals on the basis of qualified immunity are "generally made pursuant Fed. R. Civ. P. 56 summary judgment motions,

13

not 12(b)(6) sufficiency of pleadings motions." Id at *10. The Court further noted that where "the standard for a 12(b)(6) motion is whether the allegations, if taken as true, could state a claim upon which relief may be granted, dismissal . . . on the basis of qualified immunity is premature." Id. at *11.

It would be premature to grant dismissal based on qualified immunity grounds at this point in the proceedings. The court therefore denies the motion to dismiss based on qualified immunity, although defendant is free to raise the issue again in a motion for summary judgment. See Srisavath v. Richardson, No. 03-5869, 115 Fed. Appx. 820 (6th Cir. Nov. 12, 2004) (denying motion to dismiss on qualified immunity grounds but granting leave to re-raise the issue at the summary judgment stage of the proceedings).

**IV.	CONCLUSION**

Based on the foregoing, the Court grants in part and denies in part the motion to dismiss (doc 31). The motion to dismiss for failure to serve Constance McCreary, Jessica Wolfe and Polly Schneider is DENIED. The individual board members motion to dismiss for failure of service is GRANTED. The plaintiffs are granted thirty days from the date of this Order to obtain service upon the Board. The motion to dismiss the board members on grounds of qualified immunity is moot. Superintendent Prebles' motion to dismiss based on qualified immunity is DENIED.

IT IS SO ORDERED.

s/ James L. Graham
James L. Graham
UNITED STATES DISTRICT JUDGE
